**Erik LAWSON, Jr., Plaintiff,**

v.

**Gladys B. LAWSON, Defendant.**

**Civ. A. No. 80–1490.**

United States District Court,
W. D. Pennsylvania.

Oct. 19, 1981.

John A. Metz, Jr., Pittsburgh, Pa., for plaintiff.

Russell J. Ober, Jr., Rose, Schmidt, Dixon, Hasley, Whyte & Hardesty, Pittsburgh, Pa., for defendant.

## MEMORANDUM ORDER

COHILL, District Judge.

This case is an action for accounting brought by the plaintiff, Attorney Erik

---

Lawson, Jr., against his stepmother, Gladys Lawson, in connection with the liquidation of a closely held Pennsylvania corporation known as the Lawson Realty Company. Jurisdiction results from diversity of citizenship. The defendant has moved for summary judgment on the basis of laches and the absence of a cause of action against this defendant. For reasons that will become clear on further discussion, summary judgment must be granted because the plaintiff's considerable and unjustified delay in bringing suit has resulted in substantial prejudice to the defendant.

The plaintiff has alleged that in 1941, at the age of twelve, his father, Erik Lawson, Sr., gave him eleven of the seventy-one outstanding shares of the Lawson Realty Company. According to the plaintiff, the certificate evidencing his ownership of the shares remained in his father's safe at least through 1956; he saw it when the safe was opened for inspection by Internal Revenue agents.

The undisputed facts reveal that the plaintiff became estranged from his father around 1962. In 1970, Lawson Realty was liquidated. The plaintiff did not receive any share of the proceeds. On September 30, 1980, the plaintiff brought a "Complaint in Equity" in the Court of Common Pleas of Allegheny County, Pennsylvania which was soon removed to this Court. Between the time of corporate liquidation and the commencement of this suit, several events transpired which render an adequate defense to this suit virtually impossible: Erik Lawson, Sr., the only person other than the plaintiff with any knowledge of the alleged gift of stock to the plaintiff or the liquidation of Lawson Realty, died on August 10, 1980, little more than a month before the commencement of this action; prior to his death, the elder Lawson destroyed or discarded the corporate records of Lawson Realty, including the corporate minute book and stock register; Mr. Ferguson and Mr. Spect, the accountants for Lawson Realty, both of whom had knowledge of the circumstances of the dissolution and perhaps of the ownership of the stock, died. The accounting firm which employed them destroyed its records of the Lawson Realty liquidation sometime ago. Thus, the plaintiff's failure to raise his claim in a timely fashion has permitted the elimination of most of the relevant evidence needed for a just resolution of this controversy.

Applying the equitable maxim that "Equity aids the vigilant," the courts of Pennsylvania have held that equity will deny recovery to litigant who has been guilty of unreasonable delay in asserting his rights. *Riley v. Baynton Coal Co.*, 305 Pa. 364, 157 A. 794 (1931).

▮ In analyzing whether a plaintiff is barred by laches, courts often refer to the analogous statute of limitations for similar legal action. *See Gruca v. U. S. Steel Corp.*, 495 F.2d 1252 (3d Cir. 1974). In a suit for an accounting in Pennsylvania, that period is the six-year limit provided by section 5527 of the Pennsylvania Judicial Code, 42 Pa.C.S.A. § 5527. *Girsh v. Girsh*, 218 F.Supp. 888 (E.D.Pa.1963). That six-year period for this case expired in 1976. Laches is not excused by a plaintiff's ignorance of his claim where "the facts already known by him were such as to put upon a man of ordinary intelligence the duty of inquiry." *Johnston v. Standard Mining Co.*, 148 U.S. 360, 370, 13 S.Ct. 585, 589, 37 L.Ed. 480 (1893); *accord Anaconda Co. v. Metric Tool & Die Co.*, 485 F.Supp. 410, 427 (E.D.Pa. 1980).

Here we are presented not with a layman, but a trained attorney who alleges that he was an officer, director and stockholder of Lawson Realty and yet further alleges that he was unaware of the corporate liquidation until ten years after the fact. We note that Pennsylvania law imposes on directors and officers a duty to exercise the diligence and care of a reasonable man in the exercise of his business affairs. 15 P.S. § 1408. Yet during the period from the mid-1960's until 1980, the plaintiff made no effort to determine the status of the corporation despite the absence of directors' meetings or any other signs of corporate life. *See* E. Lawson, Dep. at 62–67. Indeed the very fact of

estrangement between the plaintiff and his father around 1962 would normally be expected to produce a certain amount of caution on the part of the plaintiff. One does not generally entrust valuable papers to an unfriendly custodian, particularly when the custodian would benefit directly from the destruction of the documents, without taking some steps to insure their safety.

The plaintiff's brief relies heavily on *Thompson v. Curwensville Water Co.*, 400 Pa. 380, 162 A.2d 198 (1960), which is said to bear "an extraordinary resemblance to the present case." Plaintiff's Brief at 3. While it is true that some of the facts in this case resemble those of *Thompson*, the facts relevant to the applicability of laches in each are strikingly different. In *Thompson*, the plaintiff filed suit within one year of the cancellation of his stock certificate by his father. The laches question was whether the interval between the time of *estrangement* and the bringing of suit (15 years in *Thompson*) constituted laches. The Pennsylvania Supreme Court held that the delay did not represent laches because "the defendant's position and rights were not materially prejudiced by plaintiff's delay in asserting his claim." *Id.* 162 A.2d at 201. In *Thompson*, the corporation at issue was still active, the plaintiff's father alive, and the essential corporate records extant. The absence of such evidence in the present case as a result of the passage of time has clearly prejudiced the defendant.

 In passing on a motion for Summary Judgment under Rule 56, we must view the facts in the light most favorable to the non-moving party. *See Goclowski v. Penn Central Transportation Co.*, 571 F.2d 747, 751 (3d Cir. 1977). The movant has the burden of establishing that no genuine issue of fact exists. *See Scooper Dooper Inc. v. Kraftco Corp.*, 494 F.2d 840, 848 (3d Cir. 1974). For the purposes of this opinion we have therefore assumed that the plaintiff was given the stock in 1941 and that he was, in fact, unaware of the corporate liquidation until 1980. The undisputed facts still demonstrate that the plaintiff was under a legal duty to make at least some inquiry into the status of the corporation long before 1980 and that any such inquiry made after 1970 would have immediately disclosed evidence of the corporate liquidation. Consequently, there is no material issue of fact which would excuse the plaintiff's delay in bringing suit. Because all the elements of laches are indisputably present, Summary Judgment is appropriate.

AND NOW, to-wit, this 19th day of October, 1981, IT IS ORDERED, ADJUDGED AND DECREED that the defendant's Motion for Summary Judgment be, and hereby is, GRANTED and that JUDGMENT be, and hereby is, ENTERED in favor of the defendant and against the plaintiff on all claims.